**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| UNI-MARTS, LLC | : | Case No. 08-11037 MFW |
| Debtor | : | |
| CHARAN TRADING CORP. and VARNI, LLC | : | |
| Plaintiffs | : | |
| v. | : | Adversary No. |
| UNI-MARTS, LLC and HENRY D. SAHAKIAN | : | |
| Defendants | : | |

## COMPLAINT FOR RESCISSION, DAMAGES, AND OTHER RELIEF

Plaintiffs allege:

### Parties

1. Plaintiff Charan Trading Corp. ("Charan") is a Pennsylvania corporation.

2. Plaintiff Varni, LLC ("Varni") is a Pennsylvania limited liability company.

3. Defendant Uni-Marts, LLC ("Debtor") is the debtor in this bankruptcy case.

4. Defendant Henry D. Sahakian is president of and a manager of the Debtor.

### Jursidiction, and Venue

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1334(b).

6. Plaintiffs' claims are both core and non-core. As to plaintiffs' non-core claims, plaintiffs consent to the entry of final orders and judgment by the Bankruptcy Judge.

7. Venue is proper in this District under 28 U.S.C. § 1409(a).

- 2 -

Common Averments

8.  On or about October 19, 2004, the Debtor announced that it would offer more than 200 of its convenience stores for sale, and that those businesses "have an established history of strong operations" with good gasoline and merchandise sales.

9.  Plaintiffs' officers Nimesh Patel and his sister Jigna Patel signed a Purchase and Sale Agreement dated December 30, 2004, whereby they agreed to pay $3,300,000 for Uni-Mart Store No. 4339 ("Store") in reliance on a Property Specific Package ("PSP"), a copy of which is attached hereto as Exhibit A, prepared and provided by the Debtor concerning the Store.

10. The Purchase and Sale Agreement, a copy of which is attached hereto as Exhibit B, sets forth the Debtor's representation (¶ 7(b) at p. 7) that "To the best of Seller's knowledge, the store-level profit and loss information made available by Seller to Purchaser is true and correct in all material respects."

11. On or about March 8, 2005, the Debtor provided "Financial Update Information" concerning the Store, a copy of which is attached hereto as Exhibit C, which purports to show "actual operating results" for calendar year 2004.

12. Thereafter, in reliance on the PSP and the Financial Update Information, plaintiffs purchased the Store. Charan acquired the operating assets of the Store and a trademark license, and Varni acquired the Debtor's real property where the Store is located.

13. The sale to Charan closed on April 5, 2005. The contract sale price was $500,000 as shown on the Settlement Statement, a copy of which is attached hereto as Exhibit D. Charan also paid a $50,000 security deposit and additional sums for inventory, taxes, and other charges.

14. In connection with the closing, Charan entered into certain written contracts with the Debtor, including a Trademark License Agreement and a Fuel Supply Agreement, together

- 3 -

with a Commodity Schedule and Collateral Deposit Agreement (collectively, "Contracts").

15. The sale to Varni closed on July 7, 2005. The purchase price was $2,800,000 as shown on the Purchaser's Statement, a copy of which is attached hereto as Exhibit E. Varni paid an additional $76,002.50 in transfer taxes, fees, and other charges.

16. Plaintiffs have performed all material obligations required of them.

17. The store-level profit and loss information provided by the Debtor concerning the Store contained material misrepresentations and omitted material facts and was materially false and misleading.

18. In particular, the financial information included in the PSP omitted important operating costs such as manager's salary, health and workers' compensation insurance expenses, various taxes, maintenance costs, and other expenses.

19. The Debtor's internal 2005 Calendar Year Budget for the Store, a copy of which is attached hereto as Exhibit F, reveals some of these important operating costs, which had been omitted from the PSP and thereby concealed from the plaintiffs and their principals.

20. In addition, the PSP and Financial Information Update falsely reported artificially inflated 2004 sales volumes for the Store. Upon information and belief, the Debtor boosted sales by selling fuel at lower margins than represented; and sales actually made in January 2005 were improperly included in the sales figures reported for December 2004.

21. Had this financial information been accurately presented, plaintiffs would not have purchased the Store on the terms set forth in the Purchase and Sale Agreement.

22. Plaintiffs and their principals justifiably relied on the Debtor's misrepresentations.

23. The defendants knew or should have known that the profit and loss information provided by the Debtor concerning the Store was materially incomplete, false, and misleading.

24. The defendants knew or should have known that purchasers such as plaintiffs and their principals would rely to their detriment on the Debtor's misrepresentations.

25. The Debtor has repeatedly and materially breached its Contracts with Charan by overcharging for fuel, failing to deliver fuel as required, and failing to pay or account for credits, discounts, rebates, and other sums owed to Charan under the Contracts, and in other respects.

26. The Debtor filed its Chapter 11 petition on May 29, 2008.

27. Charan has diligently attempted to obtain redress without success and has no adequate remedy at law.

### Count I:  Rescission or Cancellation of the Contracts and Guarantees

(Charan Trading Corp. against Uni-Marts, LLC)

28. The Debtor procured the Contracts by fraud or negligent misrepresentation and materially breached the Contracts.

29. The Contracts are subject to rescission or cancellation by Charan.

30. Nimesh Patel and Jigna Patel entered into guarantees of Charan's obligations to the Debtor under certain of the Contracts ("Guarantees").  If required to pay on the Guarantees, the guarantors will have subrogation claims against Charan, which therefore seeks a judicial determination that the Guarantees are likewise subject to rescission or cancellation and are unenforceable by the Debtor.

### Count II:  Damages

(Charan Trading Corp. and Varni, LLC against Henry D. Sahakian)

31. Mr. Sahakian directed and participated with and provided substantial assistance to the Debtor and others, pursuant to a common plan, in procuring and breaching the Contracts and tortiously inducing plaintiffs and their principals to purchase the Store.

- 5 -

32. As a proximate result, plaintiffs have suffered substantial monetary damages for which Mr. Sahakian is personally liable to plaintiffs.

### Count III:  Declaratory Relief

(Charan Trading Corp. and Varni, LLC against Uni-Marts, LLC)

33. Upon information and belief, Mr. Sahakian has statutory and contractual rights of indemnification from and against the Debtor for plaintiffs' claims herein.

34. Upon information and belief, the Debtor maintains insurance covering the claims asserted by plaintiffs against Mr. Sahakian.

35. Plaintiffs request a judicial determination that the Debtor's estate has no interest in any insurance covering plaintiffs' claims or, in the alternative, an equitable allocation of any such insurance in which the Debtor claims an interest.

WHEREFORE, Plaintiffs request a judgment awarding the following relief:

(a)  on Count I, rescission or cancellation of the Contracts and Guarantees;

(d)  on Count II, damages against Mr. Sahakian according to proof; and

(c)  on Count III, a determination that the Debtor's estate has no interest in any insurance covering plaintiffs' claims or, in the alternative, an equitable allocation of such insurance.

Respectfully submitted,

*s/ Warren T. Pratt*

Warren T. Pratt  (4334)
Drinker Biddle & Reath LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
Telephone:  302-467-4224

Counsel for Plaintiffs

WM01/ 107282.1

<u>Attachments</u>

Exhibit A:  Property Specific Package ("PSP") ("Store Overview")

Exhibit B:  Purchase and Sale Agreement

Exhibit C:  Financial Information Update

Exhibit D:  Settlement Statement / Charan Trading Corp.

Exhibit E:  Purchaser's Statement / Varni, LLC

Exhibit F:  Uni-Marts 2005 Calendar Year Budget for Store