IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Uni-Marts, LLC, *et al.*,[1] | ) | Case No. 08-11037 (MFW) |
| | ) | |
| | ) | (Jointly Administered; Plan Confirmed) |
| Debtors. | ) | |
| | ) | **Hearing Date: April 23, 2012 at 11:30 a.m. (ET)** |
| | ) | **Objections Due: April 13, 2012 at 4:00 p.m. (ET)** |

**UNI-MARTS LIQUIDATION TRUST'S MOTION FOR ORDER AND FINAL DECREE
PURSUANT TO 11 U.S.C. §§ 105 AND 350, FED. R. BANKR. P. 3022
AND LOCAL RULE 5009-1 CLOSING ASSOCIATED CASES**

The Uni-Marts Liquidation Trust (the "Trust"), by its undersigned counsel, hereby moves the Court (the "Motion"), for entry of an order and final decrees substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 350 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") closing all of the Affiliate Cases (as defined below) as of the date of the filing of this Motion, leaving open only the bankruptcy case of Uni-Marts, LLC, Case No. 08-11037 (the "Remaining Debtor"). In support of this Motion, the Trust respectfully represent as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue

---

[1] The above captioned debtors (the "Debtors") are the following: Uni-Marts, LLC, Uni-Marts Ohio, LLC, Uni Realty of Wilkes-Barre, Inc., Uni Realty of Wilkes-Barre, L.P., Uni Realty of Luzerne, Inc., Uni Realty of Luzerne, L.P., and Green Valley National Accounts, LLC.

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1.

**Background**

**A.   The Chapter 11 Cases**

3. On May 29, 2008 (the "Petition Date"), each of the debtors filed with the Court their respective voluntary petitions for relief under the Bankruptcy Code commencing the above-captioned Chapter 11 cases. On May 30, 2008, the Court entered an order authorizing the joint administration of these Chapter 11 cases [Docket No. 26].

4. By order dated December 30, 2009 (the "Confirmation Order") [Docket No. 1425], the Court confirmed the Second Amended Joint Plan of Liquidation for Uni-Marts, LLC and Its Affiliated Debtors [Docket No. 1207] (the "Plan").

5. Section 2.1(mm) of the Plan provides that the Plan shall become effective (the "Effective Date") "[i]f no stay of the Confirmation Order is in effect, the first Business Day after (i) the date all of the conditions precedent required under Section 1129(a) of the Bankruptcy Code to consummate this Plan have been satisfied and (ii) the Debtors have filed a notice with the Bankruptcy Court identifying the Effective Date."

6. Pursuant to Section 6.10(a) and the execution of the Liquidation Trust Agreement (as defined in the Plan), the Trust was formed on May 27, 2010.[2]

---

[2]   Section 6.10(a) of the Plan states, in pertinent part, that:

On or prior to the Effective Date, the Liquidation Trust shall be formed. The Liquidation Trustee shall sign the Liquidation Trust Agreement and accept the Assets to be transferred to the Liquidation Trust pursuant to such agreement and this Plan on behalf of the beneficiaries thereof, and the Liquidation Trust will then be deemed created and effective without any further action of the Debtors or the employees, officers, directors,

(Continued . . .)

7.      In accordance with Section 2.1(mm) of the Plan, the Effective Date of the Plan occurred on May 28, 2010 (D.I. 1603).

8.      Pursuant to the Plan, the Confirmation Order and the Liquidation Trust Agreement, on the Effective Date, KDW Restructuring & Liquidation Services LLC was appointed as the Liquidation Trustee (as defined in the Plan).

## Relief Requested

9.      By this Motion, the Trust seeks the entry of an order closing and entering final decrees in each of the following chapter 11 cases (collectively, the "Affiliate Cases"):

| Case Number | Case Name |
| --- | --- |
| 08- 11033 (MFW) | Uni Realty of Wilkes-Barre, Inc. |
| 08- 11034 (MFW) | Uni-Marts Ohio, LLC |
| 08- 11035 (MFW) | Uni Realty of Wilkes-Barre, L.P. |
| 08- 11036 (MFW) | Uni Realty of Luzerne, Inc. |
| 08- 11038 (MFW) | Uni Realty of Luzerne, L.P. |
| 08- 11039 (MFW) | Green Valley National Accounts, LLC |

10.     Case No. 08-11037 of Uni-Marts, LLC shall remain open pending further order of this Court.

## Basis for Relief

11.     Section 350(a) of the Bankruptcy Code provides that a case shall be closed "after an estate is fully administered and the court has discharged the trustee." 11 U.S.C. § 350(a). Likewise, Rule 3022 of the Bankruptcy Rules provides that, "after an estate is fully

---

(. . . continued)

members, partners or shareholders of the Debtors. The Liquidation Trust shall be established for the purpose of liquidating its assets and making post-Effective Date distributions under the Plan, with no objective to continue or engage in the conduct of a trade or business.

Plan, § 6.10(a), at 18.

administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

12. Local Rule 5009-1 provides that, "upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 5009-1(a).

13. Further, section 105 of the Bankruptcy Code provides that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Section 350(a) of the Bankruptcy Code provides that an estate must be fully administered prior to being closed, yet neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules define "fully administered." The 1991 Advisory Committee Note to Bankruptcy Rule 3022 is commonly used as a guideline to determine full administration and provides the following factors for consideration:

    a)    Whether the order confirming the plan has become final;

    b)    Whether deposits required by the plan have been distributed;

    c)    Whether the property proposed by the plan to be transferred has been transferred;

    d)    Whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

    e)    Whether payments under the plan have commenced; and

    f)    Whether all motions, contested matters, and adversary proceedings have been finally resolved.

See Fed. R. Bankr. P. 3022 Advisory Committee Note (1991).

15. This Court has stated that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before a case is closed." In re SLI Inc., et al., 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)). See also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); In re Jay Bee Enters., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); Walnut Assocs. v. Saidel, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

16. As set forth below, an analysis of the factors enumerated in the Advisory Committee Note to Bankruptcy Rule 3022 demonstrates the appropriateness of the Court entering final orders closing the Affiliate Cases and granting the relief requested herein.

17. On the Effective Date, the Confirmation Order has become final and the Plan has gone effective. Following the sale of the debtors' assets, only the estates of Uni-Marts, LLC and Uni-Marts Ohio, LLC had assets to distribute or claims to adjudicate and pursue. Recently, the estate of Uni-Marts Ohio, LLC received the distribution on its last remaining significant asset and is in the process of distributing those assets under the Plan.[3] The other remaining Affiliate Debtors have (i) no property to transfer, (ii) no claims to pay and (iv) no other matters requiring resolution. Further, there are no avoidance actions be to pursued by the

---

[3] If the distribution of the assets of Uni-Marts Ohio, LLC extends into the second quarter of 2012, the Trust will ask the Court to enter a modified order closing that case following the making of those final distributions and payment of necessary U.S. Trustee fees.

Affiliate Debtors.

18. In sum, the remaining proceedings in the Debtors' cases will relate to claims allowance and disallowance, distributions with respect to Allowed Claims against Uni-Marts, LLC, and other matters of Plan implementation. None of these matters require separate proceedings in the Affiliate Cases and the continuation of the Affiliate Cases serves no useful purpose. Instead, the maintenance of the Affiliate Cases imposes continuing financial burdens on the Trust for fees under 28 U.S.C. § 1930. Closing the Affiliate Cases will allow the Trust to limit its total restructuring expenses, thereby benefiting all parties in interest.

19. Accordingly, the Trust submits that it is appropriate and necessary for the Court to enter an order closing the Affiliate Cases.

## Final Report

20. The Trust will soon file the final reports for the debtors in the Affiliate Cases, pursuant to Local Rule 5009-1(c).

## No Prior Request

21. No prior request for the relief sought herein has been made to this or any other court.

## Notice

22. Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the creditors' committee; and (iii) the general service list established in these chapter 11 cases. In light of the nature of the relief requested, the Trust submits that no other or further notice is necessary.

WHEREFORE, the Trust respectfully request that the Court enter an order, substantially in the form attached hereto, (i) closing and entering final decrees in each of the Affiliate Cases; and (ii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 30, 2012<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>By:   */s/ Chad A. Fights*<br>Derek C. Abbott (DE No. 3376)<br>Chad A. Fights (DE No. 5006)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19801<br>Telephone: 302.658.9200<br>Facsimile: 302.658.3989<br>dabbott@mnat.com<br>cfights@mnat.com<br><br>and<br><br>KELLEY DRYE & WARREN LLP<br>Gilbert R. Saydah Jr., Esq. (DE No. 4304)<br>101 Park Avenue<br>New York, New York 10178<br>Tel: (212) 808-7800<br>Fax: (212) 808-7897<br><br>*Counsel to the Uni-Marts Liquidation Trust* |