IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Uni-Marts, LLC, | : | Case No. 08-11037 (MFW) |
| | : | |
| | : | **Obj. Deadline: Dec. 23, 2014 at 4:00 p.m.** |
| Debtor | : | **Hearing Date: Dec. 30, 2014 at 10:30 a.m.** |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO UNI-MARTS LIQUIDATION TRUST'S MOTION PURSUANT TO 11 U.S.C. §§ 105, 350 AND 554, FED.R. BANKR. P. 3022 AND LOCAL RULE 3022-1 FOR ORDER AND FINAL DECREE CLOSING CASE AND GRANTING RELATED RELIEF**

In support of her limited Objection to the Uni-Marts Liquidation Trust's Motion Pursuant to 11 U.S.C. §§ 105, 350 and 554, Fed. R. Bankr. P. 3022 and Local Rule 3022-1 for Order and Final Decree Closing Case and Granting Related Relief (the "Objection"), Roberta A. DeAngelis, the United States Trustee for Region 3, through her undersigned counsel, states as follows:

1.  This Court has jurisdiction to hear this Objection.

2.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

1

3.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Objection.

## BACKGROUND

4.      On May 29, 2008, the Debtor[1] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      By order dated December 30, 2009, the Court confirmed the Second Amended Joint Plan of Liquidation for Uni-Marts, LLC and its Affiliated Debtors (the "Plan").   The Plan went effective on May 28, 2010.

6.      On June 26, 2012, this Court entered an order closing the cases of the affiliated debtors, except for case no. 08-11037 of Uni-Marts, LLC, which is the subject of the pending Motion.

## ARGUMENT

7.      Through the Motion,[2] the Uni-Marts Liquidation Trust (the "Trust") seeks a final decree closing the remaining chapter 11 case.   The Trust also seeks authorization to make distributions to certain general unsecured creditors of Uni-Marts, LLC, or in the alternative, to donate the remaining funds to charity.   The Trust proposes to make distributions to the holders of approximately 227 large, liquidated, general unsecured claims listed on Exhibit 1 to the proposed order.   The Motion states that "the majority of general unsecured claims in the UM Case have not been fully reconciled due to cost, insufficient assets, and uncertainty regarding whether any funds would be available for such distributions."

---

[1]   All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2]   Prior to filing this Objection, the U.S. Trustee contacted the Trust's counsel regarding requested language changes to paragraphs 5, 6 and 9 of the proposed order.   It is the understanding of the U.S. Trustee that the parties have reached agreement on such changes, subject to the review of the final proposed form of order.

(Motion, ¶ 11).

8.   The Trust indicates that after payment of anticipated fees and expenses, "approximately $100,000 will remain in the Trust, and that reconciliation of the remaining unliquidated claims in the UM case would quickly consume those remaining funds, leaving nothing for distribution to general unsecured creditors in the UM case." (Motion, ¶ 12). Footnote 6 to the Motion states that Exhibit 1 excludes "various unliquidated claims against Debtor Uni-Marts, LLC, many of which asserted claims related to unresolved litigation from prior to the Petition Date."

9.   The U.S. Trustee objects to the Motion because the Trust has not adequately demonstrated in the Motion that the resolution of the remaining claims would be cost-prohibitive.  The Motion does not indicate how many unliquidated claims have been excluded from Exhibit 1, making it impossible to evaluate the assertion that resolution of the unliquidated claims would leave no funds for distribution.  Instead, it simply states in conclusory fashion that if efforts were made to liquidate the remaining unliquidated claims, there would be no funds for distribution.  The Trust should be required to put forth additional facts regarding the remaining unliquidated claims that demonstrate why it should not have to undertake efforts to estimate or settle such claims in order to permit the Court and parties in interest to adequately evaluate the relief sought by the Motion.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying approval of the Motion as written and/or granting such other relief as this Court deems appropriate, fair and just.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **UNITED STATES TRUSTEE**

**By:**   */s/ Jane M. Leamy*
        Jane M. Leamy (#4113)
        Trial Attorney
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207, Lockbox 35
        Wilmington, DE 19801
        (302) 573-6491

Dated: December 23, 2014        (302) 573-6497 (Fax)